The Mississippi Central Railroad Co. *v.* Thomas B. Beatty.

1. Plaintiff or appellant can dismiss at his own cost.—Generally, a party who institutes a suit, or prosecutes an appeal, has the right to dismiss the proceeding; but if he does so, the costs must be taxed against him.
2. Effect of dismissal, in circuit court, of a suit before jury of inquest to condemn land for railroad.—Where the owner of land appeals to the Circuit Court from the inquest of a jury assessing damages accruing from the location of a railroad thereon, and at his instance the Circuit Court dismisses the suit, although such action be based upon grounds which assume the absolute invalidity of the proceedings before the jury of inquest, the action of the court will be in effect a dismissal of the appeal merely, and not an annulment of the proceedings of the jury of inquest, which if not absolutely void, but only voidable, will be left in full force; and hence, upon such an order, it would be improper to tax the railroad company with the costs.

Error to the Circuit Court of Yalabusha county.   Hon. William L. Harris, judge.

This was a proceeding, by the Mississippi Central Railroad Company, to condemn the land of Beatty, to be used as a road-bed for the company.

A jury was summoned, under the eighth section of the charter of plaintiff in error, and they returned an inquisition allowing Beatty about $300 for his damages, " over and above the enhanced value of his land," by reason of the location of the road.

From this inquisition, the defendant, Beatty, appealed to the Circuit Court of Yalabusha county, where the cause was docketed as follows: " *The Mississippi Central Railroad Company* v. *Thomas B. Beatty.*"

The railroad company is styled "plaintiff," and Beatty "defendant," throughout the record.

The record recites, that the defendant moved to set aside the verdict of the jury, which motion was refused, and the cause continued at the plaintiff's costs.

The defendant, Beatty, then moved "to dismiss this suit:"

"1st. For want of jurisdiction in the jury of inquest,—one of them, R. A. Foster, not being a freeholder.

"2d. Because the verdict shows, on its face, that it is not in conformity to the Constitution and laws of this State.

"3d. Because no provision is made by law, for the trial of cases like the present; and for other causes apparent on the record."

The judgment was, "that said motion be sustained, and said suit be dismissed;" and that "defendant recover of the plaintiff his costs," &c.

A bill of exceptions was filed by the plaintiff in error to this action of the court, from which it appears, that, on the trial thereof, the defendant read in evidence the verdict of the jury, from which it appears, that the jury, in estimating the damages sustained by him, allowed only such as were "over and above the actual increased value of the land by reason of the location of the said road" on it.

The defendant also proved, by R. A. Foster, one of said jury, that he owned no land at the time he served on said jury; but that he was a married man, and had one child about two years old, by his wife; and that his wife owned and possessed in her right fifteen acres of land, which she purchased and paid for with her own means.

The plaintiff then proved, by a witness, that defendant was present when the jury of inquest assembled, and made no objection.

From the judgment, dismissing the suit and taxing them with the costs, the plaintiff in error sued out this writ of error.

*H. W. Walter*, for plaintiff in error.

*J. Z. George* and *E. L. Acee*, for defendant in error.

The assignment of errors complains alone of the judgment of the court below, adjudging costs against the plaintiff.

The assignment is based upon the following: that the court dis-

missed the appeal taken by the defendant, and not the plaintiff's suit.

It will be seen, from an examination of the record, that the railroad company is treated and considered by both parties and the court, as the plaintiff, or actor, who is prosecuting a suit against the defendant, and that the appeal by defendant, operated as a transfer of the cause, totally, to the court, to be tried *de novo*. This was the conceded position of the parties; and, whether right or not, it is too late now to insist that Beatty was the actor in the court below, and that the railroad was the defendant.

This being the attitude of the case, the action of the court was a dismissal of the plaintiff's suit, to condemn the law, and it was proper to adjudge the cost against them.

It will be seen, also, from the testimony introduced on the trial of the motion, that this was the action of the court below. The court dismissed the suit, because it adjudged that the inquest of the jury was void; for the reason that one of the jurors was not a freeholder, and because it appeared that the verdict was void, it being based upon an estimate of damages not recognized by the Constitution.

Whether it would have been more regular, to set aside the verdict of the jury expressly, or to pursue the course which was adopted, is an immaterial question, since the same results follow in each case.

The jury of inquest was a special tribunal, constituted by the act of incorporation, for the purpose of assessing damages resulting to the owners of land, by the location of the road on it. Being of limited jurisdiction, it was essential to the validity of their acts, that every jurisdictional fact should appear affirmatively of record; and if the record recited falsely, then it was competent for the defendant to show that such recital was false; and when this want of jurisdiction was established, whether by a failure of the record to show the jurisdictional facts, or by proof made that the record was false, it necessarily followed, that the jury was an unauthorized body, not empowered by law to do any judicial act whatever; and the body itself being illegal, and its action void, the Circuit Court might very properly refuse to entertain a suit, which had its sole basis upon the supposition, that the jury was regularly organized;

Mississippi Central Railroad Co. *v.* Beatty.

and the dismissal of the suit, at the instance of defendant, upon the evidence contained in the record, was necessarily an adjudication of this question, and a judgment annulling their verdict.

Nor could the court, even if no objection had been made by defendant, have entertained the suit; for the reason that the jury, being an unauthorized and illegal body, and without any judicial or ministerial power, its action was not the subject of revision in the court, or any other court.

Suppose that twelve men had, without any warrant from a justice of the peace, or summons by the sheriff, of their own volition, met and assessed the damages; and thereupon the defendant had elected to appeal, and the plaintiff had appeared in the court to prosecute his suit for damages, would it be pretended that, upon such state of facts being made known to the court, that the whole proceedings would not be dismissed, and the defendant thereby exempted from any supposed binding force of the action of that body? And yet, this is but the case at bar,—since, if it appeared that the jury had no jurisdiction, their action was a nullity.

I think it clear, then, that the action of the court below, must be regarded here, as it was understood by all parties there, as a dismissal of the proceedings, on the part of plaintiffs, to condemn defendant's land, and not as a dismissal of defendant's appeal; and being such, it was right and proper to tax the plaintiffs with the cost.

SMITH, C. J., delivered the opinion of the court.

The record, in this case, shows that the jury of inquest, empanelled under the provisions of the charter of the Mississippi Central Railroad Company, proceeded to value, and did assess, the damages which would result to the defendant in error, from a location of the road of said company upon his land; and that defendant in error, being dissatisfied with the assessment of the damages, appealed to the Circuit Court of Yalabusha, in which county the lands were situated; that, after the cause was removed into that court, a motion was entered by the defendant in error, to set aside the verdict of the jury; which motion was overruled, and the cause, at the instance of the company, was continued; that at the succeeding term of the court, upon motion of the same party, the suit

was dismissed, and judgment entered against the company for the costs. Hence this writ of error was prosecuted.

Generally, a party who institutes a suit or prosecutes an appeal, has a right to dismiss the proceeding. This right is conceded, and results from the fact, that the same end may always be attained by a failure to prosecute. Cases might arise, in which the court before whom they were pending, would have the authority to prevent a dismission, on plaintiff's application, or to impose terms, if required by the circumstances. In all cases of voluntary dismissions, the uniform rule is, to tax the party dismissing with the costs of the suit. The rule is dictated by common sense and common justice; and in the case before us, there is no conceivable reason why the same principle should not be applied. It is true, the grounds taken in support of the motion, went upon the assumed absolute invalidity of the proceeding from which the appeal was taken. If the grounds taken in support of the motion were tenable, it is manifest that the strongest reasons existed, why the suit should not be dismissed, or rather, why the defendant in error should not desire its dismissal; as the inevitable effect would be, to have the proceeding appealed from, in as full force and effect, as if no appeal had been prosecuted; and if not void, but only voidable, to render them absolutely binding on all parties, and incapable of being questioned in any way whatever.

The judgment dismissing the suit, is not objected to. The exception extends only to the judgment for costs, which will be reversed, and a judgment for costs be ordered to be entered in the court below, against the defendant in error.